United States District Court
Southern District of Texas
**ENTERED**
March 19, 2026
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| RENTOKIL NORTH AMERICA, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-24-4327 |
| Z&H FOODS, INC., *et. al.*, | § § § | |
| Defendants. | § § § | |

### ORDER FOR ATTORNEYS' FEES AND COSTS OF COURT

Pending before the Court is Plaintiff Rentokil North America, Inc.'s Motion for Award of Attorneys' Fees and Costs (Document No. 74). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted in part and denied in part.

### I. BACKGROUND

This case arises from a contractual dispute. On July 9, 2018, Plaintiff Rentokil North America, Inc. ("Rentokil"), a pest control services provider, entered into an agreement with Defendants Z&H Foods, Inc., Zubha Foods, LLC, HZ Ops Holdings, Inc., and Zubha Pop Foods, LLC (hereinafter "Defendants"), to provide pest control services at various Popeyes Louisiana Kitchen locations owned and operated by Defendants. After the contract between the parties was executed, Defendants failed to pay Rentokil for over $430,000.00 in pest control related services. Based on the

foregoing, on November 6, 2024, Rentokil filed suit against Defendants in this Court, asserting a claim for breach of contract. On October 3, 2025, Rentokil filed a motion for summary judgment, contending there was no material question of fact for a jury regarding whether Defendants were in breach of contract. On January 22, 2026, the Court granted Rentokil's motion for summary judgment and awarded Rentokil damages in the principal amount of $431,107.40. Rentokil now moves for attorney fees and other items to be awarded by this Court.

II. LAW & ANALYSIS

Rentokil contends they are entitled to an award of: (1) attorneys' fees for services already rendered in the amount of $153,807.00; (2) prospective attorneys' fees in the amount of $32,000.00; and (3) costs of court in the amount of $2,181.79.[1] The Court will consider each of Rentokil's requests in turn.

*A.     Attorneys' Fees*

Rentokil contends their legal counsel is entitled to attorney fees under both the parties' contractual agreement and the Texas Civil Practice and Remedies Code now that it has prevailed on summary judgment. Accordingly, Rentokil has provided a detailed accounting of its attorneys' fees in connection with its request for

---

[1] *See Rentokil North America, Inc.'s Motion for Award of Attorneys' Fees and Costs*, Document No. 74 at 1–8.

2

$158,807.00.[2] In response, Defendants contend that Rentokil's hours claimed are excessive and unreasonable under the lodestar standard.

In the Fifth Circuit, the "lodestar" method is used to determine statutorily authorized attorney fees. *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996). Under the lodestar method, the Court determines the reasonable hourly rate for the movant's attorney and the reasonable number of hours expended on the litigation by the movant's attorney. *Id.* The lodestar is calculated by multiplying the reasonable hourly rate by the reasonable number of hours. *Id.* Once the lodestar is initially determined, the Court may adjust the lodestar up or down to make the award of attorney fees reasonable. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The movant bears the burden of establishing the rate charged and reasonableness of the hours expended. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). Once the lodestar analysis is complete, the Court may increase or decrease the award based on the factors provided in *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) (per curiam).[3]

---

[2] *See Rentokil North America, Inc.'s Motion for Award of Attorneys' Fees and Costs*, Document No. 74, Exhibit 1 at 1–80 (*Declaration of Jose M. Luzarraga*).

[3] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by

3

Here, Rentokil contends that it has accrued $158,807.00 in attorney fees. In support of its claim, Rentokil produces detailed billing records, including descriptions of the tasks performed throughout the course of litigation. Rentokil also produced a declaration of senior partner on the case, Jose M. Luzarraga ("Luzarraga"), in support of its fee request (the "Luzarraga Declaration").[4] The Luzarraga Declaration indicates Renotkil's legal team from Butler Snow LLP billed 494.5 hours over a period of sixteen months, spanning from September 2024 to January 2026. Luzarraga declared that his billable hour rate over the course of litigation was $495 per hour. Additionally, Luzarraga declared that four associate attorneys worked on the matter at a rate of $300 per hour. Luzarraga also declared that a special projects manager worked on the matter at a rate of $225 per hour. Luzarraga finally declared that a paralegal worked on the matter at a rate of $255 an hour. Luzarraga also contends that an additional 14.8 hours were incurred for a senior counsel's time, but out of an abundance of caution the firm declined to seek recovery of that counsel's fees. Luzarraga contends the billing rates charged by his firm avoided unnecessary expense by utilizing associate attorneys with lower

---

the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717–19.

[4] *See Declaration of Jose M. Luzarraga,* supra note 2.

4

billable hour rates, and staff members with specialized document review skills to save "hundreds of hours of attorney time."[5]

The Court has carefully analyzed the billing records and task descriptions produced by Rentokil. Based on the Court's analysis of the bill: (1) Luzarraga billed 54.9 hours at $495 per hour; (2) various Butler Snow LLP associates billed 354.9 hours at $300.00 per hour; and (3) support staff billed 84.7 hours at a blended rate of $238.03 per hour.[6] Rentokil contends that the billable rates are reasonable and necessary in this matter, and further contends that the rates charged are within the range of what is commonly charged for practicing in federal district court on commercial litigation matters and based on the experience and qualifications of the attorneys involved.

In response, Defendants fail to offer any contention or argument opposing Rentokil's hourly rates, only offering opposition to the number of hours billed by Rentokil over the sixteen months this matter was ongoing before the Court. Defendants specifically contend that Rentokil's legal counsel overstaffed this matter and failed to provide meaningful proof that billing judgment was exercised. Defendants further contend that a "40% reduction is conservative and warranted,"

---

[5] *See Declaration of Jose M. Luzarraga*, supra note 2 at 4.

[6] *See Declaration of Jose M. Luzarraga*, supra note 2 at 6.

and ask the Court to reduce Rentokil's requested attorneys' fee award by $61,522.80.[7]

The Court has independently reviewed the number of hours Rentokil's legal counsel dedicated to this matter, and notes a significant number of hours dedicated to: (1) analyzing almost 120,000 pages of document production during various stages of litigation; (2) drafting and filing motions to dismiss and motions for summary judgment; (3) responding to Defendants' motion to dismiss; (4) responding to Defendants' multiple motions to exclude; (5) preparing pretrial materials; and (6) communicating with opposing counsel throughout the sixteen months of this litigation. Having reviewed Luzaragga's declaration, and having considered the significant motion practice and discovery involved in this matter over the course of sixteen months, the Court determines that the number of hours billed in this case are reasonable given the circumstances. Accordingly, the Court determines that an award of $158,807.00 is appropriate. The Court now turns to the award of prospective attorneys' fees.

B.    *Prospective Attorneys' Fees*

Rentokil also seeks $32,000.00 in prospective attorney's fees in the event Defendants appeal to the United States Court of Appeals for the Fifth Circuit or the

---

[7] *Defendants' Opposition to Rentokil North America, Inc.'s Motion for Award of Attorneys' Fees and Costs*, Document No. 78 at 5.

United States Supreme Court.[8] Rentokil also seeks an unspecified amount of anticipated attorneys' fees in connection with the filing of the pending motion.[9] Considering the Court's award of $153,807.00 for legal work performed up to the final judgment in this case, and the lack of billing records filed in support of Rentokil's request for prospective and anticipated attorneys' fees, the Court declines to award the requested $32,000.00 in prospective attorneys' fees. The Court will now consider Rentokil's requested costs of court.

*C. Costs of Court*

Rentokil requests costs of court in the amount of $2,181.79, consisting of: (1) $405.00 in filing fees; (2) $309.00 in securing service of process; (3) $347.69 in copying and printing fees; (4) $92.79 for Bates labeling; and (5) $998.50 to store documents on an electronic discovery platform.[10] In response, Defendants contend that Rentokil seeks costs impermissible under federal law.

The Court "may only award those costs articulated in [28 U.S.C. §] 1920 absent explicit statutory or contractual authorization to the contrary." *Cook*

---

[8] *See Rentokil North America, Inc.'s Motion for Award of Attorneys' Fees and Costs*, Document No. 74 at 7.

[9] *See Rentokil North America, Inc.'s Motion for Award of Attorneys' Fees and Costs*, Document No. 74 at 7.

[10] *See Rentokil North America, Inc.'s Motion for Award of Attorneys' Fees and Costs*, Document No. 74 at 6.

*Children's Med. Ctr. v. The New England PPO Plan of Gen. Consol. Mgmt., Inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (quoting *Mota v. The Univ. of Tex. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001)); *see* 28 U.S.C. § 1920. A party seeking costs must attach an affidavit "made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. Recoverable fees include: "(1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees …; and (6) compensation of court appointed experts or interpreters, and salaries, fees, expenses, and costs of special interpretation services[.]" 28 U.S.C. § 1920. The Court may deny the award of certain costs if the supporting affidavit is too conclusory to allow the Court to make a reasonable determination as to necessity. *United States ex rel. King v. Solvay S.A.*, No. H-06-2662, 2016 WL 3523873, at *8 (S.D. Tex. June 6, 2016) (Miller, J.), *aff'd*, 871 F.3d 318 (5th Cir. 2017).

Here, Rentokil provided the amount of the court costs and confirmed them in the Luzarraga Declaration.[11] Rentokil contends that all the requested costs are

---

[11] *Declaration of Jose M. Luzarraga*, supra note 2, at 5–6.

8

reasonable and necessary to progress the litigation in this case. In response, Defendnats contend that costs for electronic database access and Bates labeling are not recoverable costs under 28 U.S.C. § 1920 because they are technical services not permitted under the law. Having considered the full list of expenses requested by Rentokil, the Court determines that $1,091.29 of the requested $2,181.79 in costs are not recoverable under 28 U.S.C. § 1920, and as such, should not be awarded in this matter. However, the Court does find that Rentokil is entitled to costs incurred during this case that are recoverable under 28 U.S.C. § 1920 and therefore awards Rentokil $1,090.50 in costs of court.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff Rentokil North America, Inc.'s Motion for Award of Attorneys' Fees and Costs (Document No. 74) is **GRANTED IN PART**. The Court further

**ORDERS** that Plaintiff is **AWARDED** damages in the principal amount of $431,107.40. The Court further

**ORDERS** that Plaintiff is **AWARDED** attorneys' fees in the sum of $153,807.00. The Court further

**ORDERS** that Plaintiff is **AWARDED** costs of court in the amount of $1,090.50.

9

SIGNED at Houston, Texas, on this __19 day of March, 2026.

DAVID HITTNER
United States District Judge